STATE *vs.* MARY E. HARRIS, MARY V. HARMON and LOTTIE NEIL.

*Criminal Law—Assault and Battery—Husband and Wife; Witnesses against each other; Competency of—Personal Injuries.*

In criminal cases a husband is permitted to testify against his wife concerning an assault upon his own person. And it seems that in all cases of personal injuries committed by the husband or wife against each other, the injured party is an admissible witness against the other.

(*October 28, 1904.*)

LORE, C. J., and PENNEWILL, J., sitting.

*Herbert H. Ward,* Attorney-General, and *Robert H. Richards,* Deputy Attorney-General, for the State.

*Arley B. Magee* and *James M. Satterfield* for the defendant.

Court of General Sessions, Kent County, October Term, 1904.

The prisoners, being the mother-in-law, the wife, and the sister-in-law, respectively, of the prosecuting witness, were indicted for an ASSAULT AND BATTERY upon the latter at his home in the town of Harrington.

At the trial the prosecuting witness, Wilmore D. Harmon, was sworn and testified to the relations existing between himself and the prisoners and that Mary V. Harmon, one of the prisoners, was his wife. Thereupon the counsel for the defendant objected to the competency of the said witness, Harmon, on the ground that a husband was disqualified from testifying in a criminal action for or against his wife.

LORE, C. J.:—In criminal cases, a husband is permitted to testify against his wife concerning an assault upon his own person. In *Greenleaf on Evidence, Sec. 343*, the rule is thus stated. " Indeed Mr. East considered it to be settled that ' in all cases of personal injuries committed by the husband or wife against each other, the injured party is an admissible witness against the other.' "

Objection overruled.

(The Court gave the usual charge in assault and battery cases.)

Verdict,
{
Mary E. Harris, guilty.
Mary V. Harmon, guilty, with a recommendation to the mercy of the Court.
Lottie Neil, not guilty.
}